UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **THE KANSAS CITY SOUTHERN RAILWAY COMPANY** | **CASE NO. 3:19-CV-01569** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **SHAN OF MONROE, LLC, ET AL** | **MAG. JUDGE KAREN L. HAYES** |

**MEMORANDUM ORDER**

Pending before the Court is a Motion to Set Aside Entry of Default Judgment and for Leave of Court to File Responsive Pleadings filed by Defendant Royal of Monroe, LLC ("Royal") [Doc. No. 64]. Royal moves to set aside the default entered against it on November 18, 2020. [Doc. No. 51]. Also pending is Defendant The Kansas City Southern Railway Company's ("Kansas City") Motion for Confirmation of Default Judgment Against Royal of Monroe, LLC [Doc. No. 53].

Royal was named as a Defendant in the Amended Complaint filed on October 16, 2020 [Doc. No. 36]. The Amended Complaint was served on Dilbagh Singh as Agent for Royal on October 27, 2020 [Doc. No. 44]. Royal's response to said Amended Complaint was due on November 17, 2020. Kansas City sought and obtained entry of a default against Royal on November 18, 2020 [Doc. No. 51].

Counsel for Royal submits that he failed to file a timely response on behalf of Royal because of extraordinary medical procedures that have been required for his son. Counsel for Royal further submits that the agent for Royal who was served with the Amended Complaint did not realize that an additional response was required to the Amended Complaint on behalf of Royal. Counsel for Royal concludes that these factors justify the relief requested.

Federal Rule of Civil Procedure 55(c) permits a court to set aside an entry of default for good cause. Resolution of a case on the merits is preferable to a default judgment and, therefore, default judgments are disfavored in the Fifth Circuit. *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F. 3d 933, 936 (5th Cir. 1999). "Any doubt should, as a general proposition, be resolved in favor of [the party moving to set aside the default] to the end of securing a trial upon the merits." *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960). Furthermore, federal courts should not be agnostic with respect to the entry of default judgments, which are "generally disfavored in the law" and thus "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984).

The Fifth Circuit has established a three-part test for determining whether to set aside the default. "[T]he district court should consider whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5thCir. 1985). The Court may also consider whether "the defendant acted expeditiously to correct the default." See *Dierschke v. O'Cheskey (In re Dierschke)*, 975 F.2d 181, 184 (5th Cir.1992).

The Fifth Circuit has defined willfulness as "an intentional failure to respond to litigation." *In re OCA*, 551 F.3d at 370 n.32. Here, Royal shows that the failure to respond was not intentional. Rather, and unfortunately, due to counsel's son's illness and due to the failure of the agent who was served with the Amended Complaint to realize that a separate response was required, responsive pleadings were not filed.

Additionally, here there is no prejudice to the plaintiff where "the setting aside of the default has done no harm to plaintiff except to require it to prove its case." *Lacy v. Sitel Corp.,*

227 F.3d 290, 293 (5th Cir. 2000). Setting aside the default would have no effect other than to require Kansas City to litigate its cause. Thus, allowing Royal the opportunity to file responsive pleadings would not prejudice Kansas City.

As noted above, resolution of a case on the merits is preferable to a default judgment and, therefore, default judgments are disfavored in the Fifth Circuit. *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F. 3d 933, 936 (5th Cir. 1999). "Any doubt should, as a general proposition, be resolved in favor of [the party moving to set aside the default] to the end of securing a trial upon the merits." *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960).

Accordingly, for the above reasons,

**IT IS HEREBY ORDERED** that the Motion to Set Aside Entry of Default Judgment and for Leave of Court to File Responsive Pleadings filed by Defendant Royal of Monroe, LLC ("Royal") [Doc. No. 64] is **GRANTED**. The default entered against it on November 18, 2020 [Doc. No. 51] is **SET ASIDE**. Royal of Monroe, LLC is hereby granted Leave of Court to file responsive pleadings to Plaintiff's Amended Complaint no later than December 18, 2020.

**IT IS FURTHER ORDERED** that, in light of the Court's ruling, Defendant The Kansas City Southern Railway Company's Motion for Confirmation of Default Judgment Against Royal of Monroe, LLC [Doc. No. 53] is **DENIED AS MOOT**.

Monroe, Louisiana, this 3rd day of December, 2020.

*[signature]*
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE