UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| THE KANSAS CITY SOUTHERN RAILWAY COMPANY | CASE NO. 3:19-CV-01569 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| SHAN OF MONROE, LLC, ET AL | MAG. JUDGE KAREN L. HAYES |

**MEMORANDUM ORDER**

Pending before the Court is a Motion to Set Aside Entry of Default Judgment and for Leave of Court to File Responsive Pleadings filed by Defendant Shan of Monroe, LLC ("Shan") [Doc. No. 72]. Shan moves to set aside the default entered against it on November 18, 2020. [Doc. No. 52]. Also pending is Defendant The Kansas City Southern Railway Company's ("Kansas City") Motion for Confirmation of Default Judgment Against Shan of Monroe, LLC [Doc. No. 55].

Shan was named as a Defendant in the initial Complaint filed on December 6, 2019 [Doc. No. 36]. Shan responded to the initial Complaint by Answer filed June 12, 2020 [Doc. No. 11]. Kansas City filed a First Amended Complaint on October 16, 2020 [Doc. No. 36], which was served on counsel for Shan that same day through the ECF Filing System. Kansas City sought and obtained entry of a default against Shan on November 18, 2020 [Doc. No. 52].

Counsel for Shan submits that he failed to file a timely response on behalf of Shan because of extraordinary medical procedures that have been required for his son. Furthermore, Counsel represents that, with respect to Shan, the First Amended Complaint only served to modify the allegations as to whether Shan was an owner of the property at the time the purported cause of action arose or a "possessor, operator and/or lessee" of the subject property. No substantive or material changes were alleged with respect to Shan as to the material facts behind

the purported cause of action. Trial has been set for December 6, 2021. Counsel for Shan further asserts that setting aside the default judgment will not cause harm to Kansas City other than requiring it to prove its case on the merits.

Federal Rule of Civil Procedure 55(c) permits a court to set aside an entry of default for good cause. Resolution of a case on the merits is preferable to a default judgment and, therefore, default judgments are disfavored in the Fifth Circuit. *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F. 3d 933, 936 (5th Cir. 1999). "Any doubt should, as a general proposition, be resolved in favor of [the party moving to set aside the default] to the end of securing a trial upon the merits." *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.,* 277 F.2d 919, 921 (5th Cir. 1960). Furthermore, federal courts should not be agnostic with respect to the entry of default judgments, which are "generally disfavored in the law" and thus "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984).

The Fifth Circuit has established a three-part test for determining whether to set aside the default. "[T]he district court should consider whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5thCir. 1985). The Court may also consider whether "the defendant acted expeditiously to correct the default." See *Dierschke v. O'Cheskey (In re Dierschke)*, 975 F.2d 181, 184 (5th Cir.1992).

The Fifth Circuit has defined willfulness as "an intentional failure to respond to litigation." *In re OCA*, 551 F.3d at 370 n.32. Here, Shan shows that the failure to respond was not intentional. Rather, and unfortunately, due to counsel's son's illness, responsive pleadings were not filed timely.

Additionally, here there is no prejudice to the plaintiff where "the setting aside of the default has done no harm to plaintiff except to require it to prove its case." *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000). Setting aside the default would have no effect other than to require Kansas City to litigate its cause. Thus, allowing Shan the opportunity to file responsive pleadings would not prejudice Kansas City.

As noted above, resolution of a case on the merits is preferable to a default judgment and, therefore, default judgments are disfavored in the Fifth Circuit. *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F. 3d 933, 936 (5th Cir. 1999). "Any doubt should, as a general proposition, be resolved in favor of [the party moving to set aside the default] to the end of securing a trial upon the merits." *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960).

Accordingly, for the above reasons,

**IT IS HEREBY ORDERED** that the Motion to Set Aside Entry of Default Judgment and for Leave of Court to File Responsive Pleadings filed by Defendant Shan of Monroe, LLC ("Shan") [Doc. No. 72] is **GRANTED**. The default entered against it on November 18, 2020 [Doc. No. 52] is **SET ASIDE**. Shan of Monroe, LLC is hereby granted Leave of Court to file its Answer to First Amended Complaint [73] and the Answer is filed.

**IT IS FURTHER ORDERED** that, in light of the Court's ruling, Defendant The Kansas City Southern Railway Company's Motion for Confirmation of Default Judgment Against Shan of Monroe, LLC [Doc. No. 55] is **DENIED AS MOOT**.

Monroe, Louisiana, this 22nd day of December, 2020.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE